**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NORTHSIDE CHIROPRACTIC, INC. and MICHAEL DUBICK, for themselves and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC., | )<br>)<br>) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, defendant Yellow Book Sales and Distribution Company, Inc. ("Yellow Book") hereby removes to this Court the above-captioned action, pending as Case No. 09-L-7136 in the Law Division of the Circuit Court of Cook County (the "State Court Action"). As grounds for removal, Yellow Book states as follows:

**Factual Background**

1. On June 17, 2009, plaintiffs Northside Chiropractic, Inc. ("Northside") and Michael Dubick ("Dubick") (together, "Plaintiffs") filed the State Court Action.

2. Yellow Book was served with and received a Summons and Complaint ("Complaint" or "Compl.") in the State Court Action on June 25, 2009. A true and correct copy of the Summons and Complaint are annexed hereto as Exhibit A.

3. The Complaint alleges claims for breach of contract under Illinois law, Compl. ¶¶ 30-34, and violation of 815 ILCS 505/10a of the Illinois Consumer Fraud and Deceptive Business Practices Act, Compl. ¶¶ 35-42. Specifically, Plaintiffs allege that Northside, and a

class of others similarly situated, paid for display advertisements in Yellow Book Illinois telephone directories that did not conform to their expectations, and Plaintiffs seek reimbursement of all amounts paid by them and other class members for such alleged non-conforming advertisements, together with other damages.

4. Northside alleges that it is a citizen of Illinois. Compl. ¶ 1. Dubick alleges that he is a shareholder and officer of Northside, and sues in that capacity. Compl. ¶ 2. Upon information and belief, Dubick is a citizen of Illinois.

5. Yellow Book is a Delaware corporation whose principal place of business is in Uniondale, New York. Thus, Yellow Book is not a citizen of Illinois.

6. Plaintiffs seek to pursue their claims on behalf of a class consisting of:

> All persons within the United States who: (a) intended to purchase a display advertisement in a Yellow Book directory distributed within the State of Illinois; (b) signed an invoice containing terms substantially similar to those in the Invoice [signed by Northside]; (c) made a complaint or claim to Yellow Book about the Yellow Book's failure to publish a display advertisement that conformed to their advertising requirements; and (d) did not receive a full refund from Yellow Book.

Compl. ¶ 25. Plaintiffs allege that the proposed class "may include thousands of members." Compl. ¶ 26(A).

### Federal Jurisdiction Under 28 U.S.C. § 1332(d)

7. <u>Application of 28 U.S.C. § 1332(d).</u> The Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(d), which is the Class Action Fairness Act of 2005 ("CAFA"). CAFA provides for federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As explained below, each of these criteria is met here.

8.      Amount in Controversy.  The aggregate amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs, based on the size of the pleaded class and the nature of the damages sought.  As to the size of the class, plaintiffs seek to represent a class that "may include thousands of members."  Compl. ¶ 26.  As to the amount in controversy, Plaintiffs seek reimbursement of all monies paid by members of the purported class to Yellow Book for display advertisements in Illinois Yellow Book directories that did not conform to the class members' contractual expectations (*see* Compl. ¶ 34, Prayer for Relief (d)), as well as additional unspecified "substantial damages relating to the loss of business opportunities and revenue [the class members] customarily received from neighborhood directory advertising."  Compl. ¶ 34.  The statute of limitations on Plaintiffs' breach of contract claim is ten years, meaning that Plaintiffs are seeking reimbursement of all amounts paid by class members for display advertisements in Illinois Yellow Book directories over a ten-year period.  Over the past three years, the average amount paid per year by each class member for display advertisements in Illinois Yellow Book directories was $3,450.  Declaration of John J. Butler, Esq., ¶ 3, annexed hereto as Exhibit B.  This amount, which accounts for only one year's worth of display advertisements, when multiplied by 1,500 proposed class members, which number is conservative given plaintiff's allegation that the proposed class "may include thousands of members," results in an aggregate amount in controversy in excess of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

3

9. <u>Number of Members of Proposed Class.</u> Pursuant to 28 U.S.C. § 1332(d)(5)(B), the number of members of the proposed class pled by Plaintiffs is not less than 100. *See* Compl. ¶ 26(A).

10. <u>Citizenship of the Parties.</u> There is diversity of citizenship between a member of the putative class and Yellow Book. Northside is a citizen of Illinois, and Yellow Book, a Delaware corporation with its principal place of business in New York, is not a citizen of Illinois. Accordingly, this action is a class action where "any member of a class of plaintiffs is a citizen of a State different from any defendant," and, hence, this Court has federal jurisdiction under 28 U.S.C. § 1332(d)(2)(A).[1]

**Procedural Matters**

11. <u>Removal is Timely.</u> A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Yellow Book was served with the Summons and Complaint in this action on June 25, 2009. This notice of removal is therefore timely, as the 30-day period for removal for Yellow Book does not expire until July 27, 2009.

12. <u>Removal to Proper Court.</u> This Court is part of the "district and division embracing the place where" the State Court Action was filed, in Cook County, Illinois. 28 U.S.C. § 1446(a); 28 U.S.C. § 93(a)(1).

13. <u>Pleadings and Process.</u> Pursuant to 28 U.S.C. § 1446(a), the attached Exhibit A is "a copy of all process, pleadings, and orders served upon" Yellow Book in the State Court Action.

---

[1] Because Yellow Book, the sole defendant in this action, is not a citizen of the state (Illinois) in which this action was originally filed, neither 28 U.S.C. § 1332(d)(3) (discretionary non-exercise of jurisdiction) nor 28 U.S.C. § 1332(d)(4) (mandatory non-exercise of jurisdiction) apply to this action.

14. <u>Filing and Service.</u>  A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d).  The Circuit Court of Cook County, Illinois, is located within this district.

WHEREFORE, defendant Yellow Book Sales and Distribution Company, Inc. respectfully removes this action, now pending in the Law Division of the Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois.

        Respectfully submitted,

        YELLOW BOOK SALES AND DISTRIBUTION
        COMPANY, INC.

        By:  */s/ Jeffery S. Davis*
            Jeffery S. Davis
            One of Defendant's Attorneys

Natalie J. Spears - ARDC #6230320
Jeffery S. Davis - ARDC #6277345
SONNENSCHEIN NATH & ROSENTHAL LLP
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606
Phone: (312) 876-8000
Fax:  (312) 876-7934
Attorneys for Defendant

Dated: July 24, 2009

5

## **CERTIFICATE OF SERVICE**

Jeffery S. Davis, an attorney, hereby certifies that he caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be served by United States mail, first class postage prepaid, on:

>Peter A. Cantwell, Esq.
>Cantwell & Cantwell
>30 North LaSalle Street, Suite 2850
>Chicago, Illinois 60602
>(312) 372-3000
>Attorneys for Plaintiffs

this 24th day of July, 2009.

>*/s/ Jeffery S. Davis*
>Jeffery S. Davis