# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. 2009L007136
CALENDAR/ROOM Z
TIME 00:00
Consumer Fraud

NORTHSIDE CHIROPRACTIC, INC. and MICHAEL DUBICK, for themselves and others similarly situated,

**(Name all parties)**

v.

YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC.

Yellow Book Sales and Distribution Company, Inc.
c/o Registered Agent
208 S. LaSalle, Ste. 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

000145-1.1.1 06/18/09 16:03
REF CASE # 09L 007136

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

REF SHERIFF # 293787
CASE TOTAL          60.00 %
                    60.00 TL
CHECK 1
                    60.00

☑ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 91775

Name: CANTWELL & CANTWELL

Atty. for: Plaintiff

Address: 30 N LaSalle, Ste. 2850

City/State/Zip: Chicago, IL 60602

Telephone: (312) 372-3000

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

**DOROTHY BROWN**
**Clerk of Court**

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

SHERIFF'S NUMBER 293787-001L CASE NUMBER 09L007136    DEPUTY: STROM 10104

FILED DT 06-17-2009 RECEIVED DT 06-18-2009 DIE DT 07-07-2009 MULTIPLE SERVICE    1
DEFENDANT
YELLOW BOOK SALES AND DISTRIBUTION CO., INC.
208 S LA SALLE ST
CHICAGO IL 60604
STE - 814
PLAINTIFF NORTHSIDE CHIROPRACTIC, I

ATTORNEY
CANTWELL & CANTWELL
30 N LA SALLE ST
CHICAGO IL. 60602
312 372-3000

SERVICE INFORMATION: DL

********************************************************************************

**(A)**    I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

- - - -1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
         NAMED DEFENDANT PERSONALLY.
- - - -2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
         AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
         RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
         THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
         _____ DAY OF _____ 20____, IN A SEALED ENVELOPE WITH POSTAGE FULLY
         PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
         SAID PARTY REFUSED NAME
- - - -3 SERVICE ON:  CORPORATION ___X___ COMPANY ____ BUSINESS ____ PARTNERSHIP ____
         BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
         REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
- - - -4 CERTIFIED MAIL _____

**(B)**    THOMAS J. DART, SHERIFF, BY: _____, DEPUTY 10104

   1 SEX  M/F   RACE _H_   AGE _34_
   2 NAME OF DEFENDANT YELLOW BOOK SALES AND DISTRIBUTION CO., INC.
     ___ WRIT SERVED ON _____ Le VINA ___
     THIS _25_ DAY OF _JUN_, 2009 TIME _10:00_ A.M.P.M.

ADDITIONAL REMARKS _____

********************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED.

TYPE OF BLDG _____                    ATTEMPTED SERVICES

NEIGHBORS NAME _____          DATE      TIME A.M./P.M.

   ADDRESS _____          _____  ___:___ ___

      REASON NOT SERVED:                 _____  ___:___ ___
            ___07 EMPLOYER REFUSAL
   _01 MOVED        ___08 RETURNED BY ATTY    _____  ___:___ ___
   _02 NO CONTACT   ___09 DECEASED
   _03 EMPTY LOT    ___10 BLDG DEMOLISHED     _____  ___:___ ___
   _04 NOT LISTED   ___11 NO REGISTERED AGT.
   _05 WRONG ADDRESS ___12 OTHER REASONS      _____  ___:___ ___
   _06 NO SUCH ADDRESS ___13 OUT OF COUNTY
                                             _____  ___:___ ___

FEE  .00   MILEAGE   .00   TOTAL   .00                    SG20

## IN THE CIRCUIT COURT OF COOK COUNTY – ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

NORTHSIDE CHIROPRACTIC, INC.  )
and MICHAEL DUBICK, for themselves  )
and others similarly situated,  )
    )
    Plaintiffs,  )
    )   No.
    v.  )
    )   Jury Trial Demanded
YELLOW BOOK SALES AND  )
DISTRIBUTION COMPANY, INC.,  )
    )
    Defendant.  )

2009L007136
CALENDAR/ROOM Z
TIME 00:00
Consumer Fraud

### CLASS ACTION COMPLAINT

Northside Chiropractic, Inc. ("Northside Chiropractic") and Dr. Michael J. Dubick ("Dr. Dubick") (Plaintiffs"), by and through their attorneys, Cantwell & Cantwell, hereby bring this class action, pursuant to 735 ILCS 5/2-801 *et seq.* on behalf of themselves and all other persons or entities similarly situated, and for their Class Action Complaint against Defendant Yellow Book Sales and Distribution Company, Inc. ("Yellow Book"), allege upon knowledge as to themselves and their own acts, and otherwise upon information and belief, as follows:

### PARTIES

1.    Plaintiff Northside Chiropractic is an Illinois domestic corporation that was incorporated on May 21, 2001, and remains in good standing under the laws of Illinois, with its principal place of business at 3259 N. Ashland Avenue, Chicago, Illinois 60657.

2.    Plaintiff Dr. Michael Dubick, a chiropractor, is a shareholder and officer of Northside Chiropractic.

3.    Defendant Yellow Book is a Delaware corporation with a registered agent located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.  Yellow Book is registered as a foreign

corporation in Illinois, and is in good standing according to the current records of the Illinois Secretary of State.

## NATURE OF THE CASE

4.     Plaintiffs hereby bring this action on behalf of themselves and all other similarly situated persons or entities that were victimized by Yellow Book's widespread use of a deceptive and unfair "bait and switch" sales scheme that bound them to excessive non-refundable payments for erroneous, defective, worthless or non-existent advertisements.

5.     Pursuant to this scheme, Yellow Book's sales agents pressured class members to execute a certain invoice form (the "Invoice") by fraudulently representing, *inter alia*, that the Invoice bound Yellow Book to the terms the sales agents had "negotiated" with the class members, including the specifications of the display advertisements desired by the class members.

6.     In fact, the reverse side of the Invoice imposed obscure terms providing that Yellow Book *was not bound to anything.*  In particular, the terms Invoice imposed terms upon the class members providing that:

(a)     Yellow Book had no obligation to print *any* advertisement, much less one conforming the class members' specifications;

(b)     Yellow Book disclaimed all liability of any kind, under common law or "statutory enactments," for its own conduct, as well as for the deceptive, fraudulent, or tortuous conduct of its sales agents; and

(c)     Yellow Book nevertheless retained the right to compel payment of full fees, and disclaimed the obligation to refund any money to the class members under any circumstances—including its own abject failure to perform.

7.     Yellow Book's deceptive and unfair conduct caused class members to suffer damages by using the so-called "contract" terms contained on the reverse of the Invoice to compel them to pay for non-existent or worthless display advertisements, or accept an unfair "settlement" often involving

the grant of a minor discount in exchange for the agreement of the class members to buy another year's worth of advertisements from Yellow Book.

8.     This class action seeks a refund by Yellow Book of all payments class members were compelled by Yellow Book to make in derogation of, or "settlement" of, claims they made against Yellow Book for defective, incomplete, or non-existent display advertisements.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/2-209(a)(1) and (2) and 735 ILCS 5/2-209(c), by the Defendant's transaction of business and committing torts in Illinois; and pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*

10.     Venue for this action is proper in Cook County, Illinois, pursuant to 735 ILCS 5/2-101(2), because one of the transactions giving rise to this cause of action occurred in Cook County.

11.     Although the Plaintiffs and the class members have suffered actual damages as a result of Yellow Book's conduct, neither the Plaintiffs nor any individual member of the class is claiming damages in excess of $75,000.

## FACTUAL ALLEGATIONS

12.     On or about August 1, 2005, Dr. Dubick was approached at the offices of Northside Chiropractic by two salespeople from Yellow Book, Messrs. Brad Cohen and Steven Ginsburg (the "Salespeople"). On information and belief, the Salespeople had become aware of Northside Chiropractic because they had seen its display advertisement in the Lakeview Telephone Directory, a true and correct copy of which is attached hereto as Exhibit "A."

13.     Dr. Dubick expressly specified, and the Salespeople promised, that the layout and contents of the advertisements in the Yellow Book were to be the identical or closely similar to the advertisement Northside Chiropractic had placed in the Lakeview Directory, but with an updated

3

headshot of Dr. Dubick. (collectively, the "Specifications"). Dr. Dubick showed the Salespeople the proof for the advertisement Northside Chiropractic had placed in the Lakeview Telephone Directory. He also advised the Salespeople that he was in the process of obtaining the updated headshot of himself. A true and correct copy of the proof Dr. Dubick showed the Salespeople is attached hereto as Exhibit "B."

14.     The Salespeople represented that, for the price of $549.00 per month, Yellow Book could and would publish a advertisements conforming to the Specifications in two locations within the Yellow Book publication, under "Chiropractors" and under "Massage" (collectively, the "Advertisements"), together with an Internet listing. The Salespeople also represented that these advertisements would generate better readership and sales results than Northside Chiropractic had obtained from advertising in the Lakeview Telephone Directory.

15.     The Salespeople represented to Northside Chiropractic that Yellow Book would contact Dr. Dubick to obtain an updated advertisement proof and his updated headshot before the Advertisements were published at the end of the year, and also would forward proofs of the proposed Advertisements to him prior to printing. The Salespeople further represented to Northside Chiropractic that, in order to "reserve space" in the Yellow Book before this updated material was received, Dr. Dubick would need to sign an invoice and make an immediate payment to Yellow Book.

16.     These representations were made with the intent that Northside Chiropractic rely upon them. Northside Chiropractic did in fact rely upon the representations made by the Salespeople, in paying a deposit of $549.00 and signing an invoice for $549.00 per month for the Advertisements, which invoice Yellow Book later contended constituted a "contract" between the parties. A true and correct copy of this invoice is attached hereto as Exhibit "C."

17.     Yellow Book never contacted Northside Chiropractic again prior to publication of the Advertisements. In particular, Yellow Book failed to obtain the updated headshots or the updated

4

advertising proof prior to publication of the Advertisements, did not communicate to Northside Chiropractic the deadlines for submission of materials, and did not send proposed proofs of the Advertisements for Northside Chiropractic's review.

18.     Instead, Yellow Book simply published the Advertisements as it saw fit, without further notice to or authorization from Northside Chiropractic. True and correct copies of the Advertisements as published in Yellow Book are attached hereto as Exhibit "D."

19.     The published Advertisements did not comply with the Specifications. The Advertisements failed to include numerous critical elements that were readily apparent from the proof the Salespeople were shown. These missing elements included, but were not limited to, the following:

(a)     Dr. Dubick's name;

(b)     Dr. Dubick's picture, or even the reservation of a space therefor;

(c)     The logo for Northside Chiropractic;

(d)     The statements "Evening and Weekend Hours," "Insurance & Credit Cards Welcome," and "Convenient Safe Location";

(e)     The statements "Patients who regularly visit Northside Chiropractic feel healthier," and Dr. Dubick delivers a compassionate, personal approach to your health."

(f)     A testimonial from a customer named "Joan R." stating "Dr Dubick is concerned about his patients. He really listened and cared."

(g)     A Zip Code.

*Compare* Exhibits B and D.

20.     Moreover, the Advertisements were laid out in an unprofessional, slapdash format that differed completely from the polished, careful and appealing layout displayed in the proof that had been shown to the Salespeople.

21.     Because the Advertisements were noticeably less visually attractive, professional, and informative than the adjoining advertisements Yellow Book printed for Northside Chiropractic's competitors, Northside Chiropractic was placed at a competitive disadvantage to those competitors.

22.     Northside Chiropractic is informed and believes that potential customers seeking chiropractic services using the Yellow Book are thus misled into believing that Northside Chiropractic is a less desirable, less successful, or less professional operation than its competitors and/or are drawn to the more attractive advertisements of those competitors, all to the detriment of Northside Chiropractic.

23.     Northside Chiropractic has not received any new business, and believes it has lost business, as a result of the defective and nonconforming advertisements printed by Yellow Book. This is in marked contrast to the numerous new client relationships Northside Chiropractic had obtained from the advertisements it previously placed in the Lakeview Directory, which advertisements had conformed to the Specifications.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to 735 ILCS 5/2-801. The claims asserted are brought on behalf of consumers and entities who purchased advertisements for publication in Yellow Book directories distributed in Illinois.

25.     The proposed class ("Class") is defined and described as follows:

> All persons within the United States who: (a) intended to purchase a display advertisement for placement in a Yellow Book directory distributed within the State of Illinois; (b) signed an invoice containing terms substantially similar to those in the Invoice; (c) made a complaint or claim to Yellow Book about the Yellow Book's failure to publish a display advertisement that conformed to their advertising requirements; and (d) did not receive a full refund from Yellow Book.

Excluded from the Class are Yellow Book and its subsidiaries, affiliates, legal representatives, heirs, successors, assigns and employees.

26.     The requirements for maintaining this action as a class action are satisfied in that:

> A.     The Class is so numerous and so geographically dispersed that the individual joinder of all absent class members is impracticable. While the exact number of absent class members is unknown to Plaintiffs at this time, it is ascertainable by appropriate discovery with respect to Yellow Book's processing of claims and

6

complaints by customers of Illinois Yellow Book publications. Plaintiffs are informed and believe, based upon the nature of the trade and commerce involved, that the proposed class may include thousands of members. The requirement of numerosity under 735 ILCS 5/2-801(1) is therefore satisfied.

B.   Common questions of law or fact exist as to all proposed class members and predominate over any questions which affect only individual members of the proposed class, as required by 735 ILCS 5/2-801(2). These common questions of law or fact include the following:

(a)   Whether the Invoice is unenforceable against the Class because it is illusory;

(b)   Whether the Invoice is unenforceable against the Class because it is a contract of adhesion;

(c)   Whether the Invoice is unenforceable against the Class because it purports to excuse Yellow Book and its agents from all liability for their own conduct, including liability under "statutory enactments" that were explicitly intended by the State to protect consumers like the Class, including but not limited to the Illinois Consumer Fraud and Deceptive Business Practices Act;

(d)   Whether the Invoice terms are unenforceable to the extent they do not memorialize or attempt to unilaterally negate oral contract terms actually agreed upon by the Class members and Yellow Book's agents at the time of sale for services to be performed by Yellow Book within one year;

(e)   Whether the Class members received the display advertisements they specified and expected Yellow Book to print in exchange for the price charged;

(f)   Whether the Class, having not received the agreed performance from Yellow Book for which they paid consideration, are therefore entitled to rescind any agreements made with Yellow Book and/or to demand a refund of consideration paid.

(g)   Whether Yellow Book's misrepresentation of the Invoice terms as the parties' "contract" to compel the Class to pay the invoiced amount or coerce the Class into "settling" their claims constituted a false, deceptive or unfair practice that violated the Consumer Fraud and Deceptive Business Practices Act and similar laws of the State of Illinois.

7

27.     Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no interest adverse to the interests of the Class. Plaintiffs have retained competent counsel with extensive consumer protection and complex litigation experience, in satisfaction of 735 ILCS 5/2-801(3).

28.     A class action is an appropriate method for the fair and efficient adjudication of this controversy, pursuant to 735 ILCS 5/2-801(4), because there is no special interest in the members of the class individually controlling the prosecution of separate actions; the damages sustained by individual class members may be relatively small; and the expense and burden of individual litigation make it impossible for the class members individually to address the wrongs done to them. There will be no difficulty managing this lawsuit as a class action.

29.     Yellow Book transacts substantial business in the State of Illinois, and therefore will not be prejudiced or inconvenienced by the maintenance of the action in this forum concerning advertisements it published in Illinois.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

30.     Plaintiffs and the proposed class members incorporate the allegations contained in Paragraphs 1 though 29 by reference herein.

31.     To the extent any contract existed between the Class and Yellow Book, Yellow Book breached it by failing to perform its obligation to publish display advertisements that conformed to the specifications provided by the class members.

32.     As a result of Yellow Book's breach, the Class was burdened by display advertisements that were unrepresentative, defective, incomplete, visually unattractive, and did not serve the purpose for which they was intended, namely the attraction of new customers to the Class members, such that they had no advertising value whatsoever.

33.   Moreover, the display advertisements contained in the Yellow Book publication damaged the business interests of the Class members by placing them at a competitive disadvantage to competing advertisers who obtained representative, conforming and/or visually more appealing advertisements in the Yellow Book directory.

34.   The Class suffered substantial damages equal to the price they paid for defective advertisements that failed to serve the purpose for which they were intended, together with substantial damages relating to the loss of business opportunities and revenue they customarily received from neighborhood directory advertising.

## COUNT II – VIOLATION OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/10a

35.   Plaintiffs and the proposed class incorporate the allegations contained in Paragraphs 1 though 34 by reference herein.

36.   Yellow Book violated the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq*. (the "Act") by misrepresenting that it could and would publish an advertisement that conformed to the class members' express specifications for the price charged, with the intent that the Class rely upon that misrepresentation.

37.   Yellow Book's Salespeople knew, at the time of their presentation to the Class, that Yellow Book could not and would not publish an advertisement that conformed to specifications for the price invoiced, and that they had no authority to promise otherwise to the Class.

38.   Nevertheless, Yellow Book intended that the Class rely upon the representations of Yellow Book's agents, and that the Class comply with their urging to "immediately" execute an invoice (now proffered by Yellow Book as the "contract") and pay a substantial deposit to Yellow Book for advertisements that Yellow Book had no intention of publishing.

39.   The invoice that Yellow Book required and urged the Class to sign "immediately" formed an integral part of Yellow Book's deceptive practices, which practices are applied or are

9

broadly applicable to consumers generally. The "terms" contained on the reverse side of the invoice are designed to enable Yellow Book to engage in a fraudulent "bait-and-switch" scheme while evading the liability it otherwise would have to its customers under Illinois common or statutory law. The characteristics of this deceptive and fraudulent scheme include the following:

(a) All promises actually made by Yellow Book's sale agents to induce customers to sign the invoice are not only meaningless, but also are negated the second the invoice is signed. Section 14 states that "[t]he sales representative of [Yellow Book] is not authorized to make any changes to this agreement or to commit [Yellow Book] in any manner whatsoever in contradiction to the provisions expressly set forth in this agreement," while Section 15C states that that "[t]his agreement supersedes any other verbal or written agreement between Customer and Publisher."

(b) Therefore, the representations made by Yellow Book's agents that Yellow Book could and would publish an advertisement that conformed to the specifications of it customers, as well as their promise that Yellow Book would exchange proofs and an updated headshot from customers prior to publishing, were false at the very moment they were made. The purpose of these false representations was to induce customers like the members of the proposed class to immediately execute the invoice and make payment of a non-refundable deposit.

(c) Execution of the invoice conferred upon Yellow Book the right to publish whatever advertisement copy it wished--or not to publish any advertisements at all. Section 7A absolves Yellow Book of any responsibility to request advertisement copy or otherwise comply with the wishes of its customers. Instead, Section 7A provides that, if the customer does not send in ad copy, Yellow Book "may make up and publish copy" without any obligation to even furnish its customers with advance proofs of its handiwork. In addition, Section 7D permits Yellow Book to do this without "assum[ing] any liability for display content, listing content, or errors or omissions in make-up or printing . . . or for non-publication."

(d) Similarly, payment of the deposit provides a guaranteed payment to Yellow Book even if it provides absolutely no services to customers like the proposed class. If a customer cancels its order within 7 days after execution as allowed by Section 8, that Section nevertheless permits Yellow Book to "retain any deposit, which will be applied to any future . . . services . . . within two years from the date of this agreement." If the customer chooses not to advertise in Yellow Book (at a cost far in excess of the deposit amount), the customer's deposit is deemed forfeited.

10

(e)     Finally, Section 7E of the Invoice attempts to illegally excuse Yellow
Book from liability for its own fraud, and other tortious conduct, including
violations of the Consumer Fraud and Deceptive Business Practices Act
itself.  Section 7E states that:

> In no event will [Yellow Book] . . . be liable to Customer for any
> other damages including but not limited to, alleged loss of
> business, revenues or profits or the cost of other forms of
> advertising.  Customer understands that this limitation of liability
> will apply to any claim against [Yellow Book] . . . including but
> not limited to, claims based on breach of contract, *tort* (such as
> negligence) or strict liability, or *rights arising from statutory
> enactment*.

This provision is ineffective to bar the claims of the proposed class under the express
terms of the Act.  *See* 815 ILCS 505/10c.

40.     As a result of Yellow Book's misrepresentations and deceptive practices, the Plaintiffs
and Class suffered actual damages, due to the loss of customers to competitors whose advertisements
were published according to their specifications or were otherwise of better quality than the
Advertisements.   These damages have increased over the period of time that Yellow Book directories
containing defective, absent, or non-conforming display advertisements remain in circulation.

41.     The misrepresentations and omissions by Yellow Book's sales agents occurred in the
course of conduct involving trade or commerce, namely the sales and printing of advertisements in
Yellow Book directories, and the invoicing by Yellow Book for those advertisements.

42.     The conduct of Yellow Book affects the interests of consumers generally, who are being
actively deceived by Yellow Book and its agents into believing they are paying for advertisements and
services which Yellow Book claims to be not bound to provide at all, much less provide in compliance
with their specifications or wishes, and for which Yellow Book has disclaimed all responsibility and
legal liability.

11

WHEREFORE, Plaintiffs, for themselves and on behalf of the proposed class, pray for

judgment against Yellow Book:

(a)    Determining that the action is a proper class action maintainable under 735 ILCS 5/2-801; certifying Plaintiffs as class representatives; and appointing Plaintiffs' counsel as counsel for the Class;

(b)    Enjoining Yellow Book from further use of misleading, deceptive, and illusory terms contained in the Invoice, including but not limited to terms contained in Sections 7, 8, 14 and 15 thereof, pursuant to 815 ILCS 505/10a(c).

(c)    Awarding Plaintiffs and the Class compensatory damages amounting to reimbursement of all deposits made to Yellow Book by Plaintiffs and members of the Class;

(d)    Awarding the Class compensatory damages amounting to all monies paid the Class for display advertisements that were non-representative, non-conforming, defective, or otherwise contrary to their contractual expectations, in an amount to be proved at trial;

(e)    Awarding the Plaintiffs and the Class exemplary damages and/or such other damages as are available under the Act;

(f)    Awarding the Plaintiffs and the Class their attorneys fees and costs, pursuant to 815 ILCS 505/10a(c); and

(g)    Awarding the Plaintiffs and the Class such other relief as the Court deems equitable, just and proper under the circumstances.

Respectfully submitted,

NORTHSIDE CHIROPRACTIC, INC. and DR. MICHAEL J. DUBICK, for themselves and on behalf of all others similarly situated, Plaintiffs.

By: _____
One of their attorneys

Peter A. Cantwell
John N. Walker
Cantwell & Cantwell
30 North LaSalle Street, Suite 2850
Chicago, Illinois 60602
(312) 372-3000
Attorney Code: 91775

CHIROPRACTIC 57



JOE CHIROPRACTIC
Dr. Michael Daniel
New Patients Welcome
**773 755-9515**

PROGRESSIVE CHIROPRACTIC ......... 773 525-9555
ROBERT CHRISTOPHER A ......... 773 865-4563

CHIKES PENNY D N D C ......... 773 248 1889
STEVENS CHIROPRACTIC ......... 773 281500
IROVA ANATOLY ......... 773 539 6844

# Invigorate Your Life!

## Discover why Northside Chiropractic patients feel better

- Lose Your Pain
- Find More Energy
- Gain Control of Your Life



Call today for a healthier future
**773 755-9515**

# NORTHSIDE CHIROPRACTIC

www.northside-chiro.com

# BALANCING POINT
## CENTER FOR WELLNESS



Dr. Kristina E. Chung, Doctor of Chiropractic, Acupuncture
- Chiropractic          • Acupuncture          • Yoga Classes
- Massage               • Physical Therapy      • Tai Chi Class

free 1 hour parking with validation • close to el • red line • evening & weekend hours
most insurance accepted • x-ray on premises • new patients welcome

4753 N. BROADWAY (BROADWAY & LAWRENCE) • SUITE 101 • 773-271-8284

## Need Delivery?



GENTLE          PAINLESS
## WE CAN HELP
### CHIROPRACTIC AND ACUPUNCTURE
ACUPUNCTURE WITH OR WITHOUT NEEDLES
Caring For Your Friends & Family
## THE DOCTOR IS IN!
(773) **525-2444**

BEST FOR:
- Back/Neck Pain
- Headaches
- Smoking/Weight Loss
- Arthritis
- Joint/Muscle Pain
- Auto/Work Injuries
- and more

SAME DAY APPOINTMENTS
FREE Evaluation With Mention
Of This Ad ($160.00 Value)
MOST INSURANCE ACCEPTED
High Frequency X-Ray Technology
There's Nothing Safer - Don't Settle For Less!

Dr. Franklyn D. Ing
20 YEARS EXPERIENCE
Chiropractic Physician
Certified Acupuncturist
2455 N. Halsted



EXHIBIT

# Invigorate Your Life!

## Discover why Northside Chiropractic patients feel better.

✓ **Lose Your Pain**
✓ **Find More Energy**
✓ **Gain Control of Your Life**

Patients who regularly visit Northside Chiropractic feel healthier. Dr. Dubick delivers a compassionate, personal approach to your health.

*"Dr. Dubick is concerned about his patients. He really listened and cared."*
JOAN R.

**Dr. Michael J. Dubick**
*Chiropractic Physician*

**Call today for a healthier future.**
## 773-755-9515
**Evening & Weekend Hours**
**Insurance & Credit Cards Welcomed**
**Convenient Safe Location**



# NORTHSIDE CHIROPRACTIC
3259 N. Ashland • Chicago, IL 60622

## www.northside-chiro.com



EXHIBIT
E



EXHIBIT

C



**278 CHIROPRACTORS**

## FREE INITIAL CONSULTATION

**LOOP CHIROPRACTIC**
**312-236-9355**

**CHICAGO CHIROPRACTIC**
& SPORTS INJURY CENTER
**773-529-5670**

## BALANCING POINT
### CENTER FOR WELLNESS

*Dr. Kristina L. Chung*

- Chiropractic
- Acupuncture
- Massage Therapy
- Physical Therapy
- Personal Training
- Nutrition
- Yoga Classes
- Tai Chi Classes

- Evening & Weekend Hours
- New Patients Welcome

**4753 N. BROADWAY** (BROADWAY & LAWRENCE) • **STE. 101**
New Location In Spa Mondial At Holmes Place, 355 E. Grand Ave.
For Either Location Call:
**773-271-8284**

## INVIGORATE YOUR LIFE!
*Discover Why Northside Chiropractic Patients Feel Better*
• Lose Your Pain • Find More Energy • Gain Control Of Your Life

# NORTHSIDE CHIROPRACTIC
Call Today For A Healthier Future.

# 773-755-9515
3259 N. Ashland Chicago
Evening & Weekend Hours Insurance Welcomed
www.northside-chiro.com

## SERVING CHICAGO'S NORTHSIDE
### Panek Chiropractic
Acupuncture • Auto/Work Injuries
Neck & Back Pain
Sports Injuries • Physical Therapy

Most Insurance Accepted

**Dr. Michael Panek**
**773-883-8640**
3556 N. Lincoln • Chicago, IL 60657
SE HABLA ESPAÑOL
MÓWIMY PO POLSKU
24 Hr. Answering Service
**EVENING & WEEKEND HOURS AVAILABLE**

**CHIROPRACTORS (CONT'D)**

**EXHIBIT**
**D**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NORTHSIDE CHIROPRACTIC, INC.     )
and MICHAEL DUBICK, for themselves   )
and others similarly situated,        )
                                )
        Plaintiffs,            )
                                )
     v.                      )
                                )
YELLOW BOOK SALES AND        )
DISTRIBUTION COMPANY, INC.,     )
                                )
        Defendant.         )

## DECLARATION OF JOHN J. BUTLER, ESQ.

Pursuant to 28 U.S.C. § 1746, John J. Butler declares and states as follows:

1.    My name is John J. Butler. I am over the age of 21 and am competent to testify as to the statements set forth in this declaration.

2.    I am Senior Vice President and General Counsel of defendant Yellow Book Sales and Distribution Company, Inc. ("Yellow Book"), a position I have held since 2005. In my position, I am familiar with revenue and sales figures for telephone directories published by Yellow Book.

3.    I have reviewed revenue and sales figures from directories distributed in Illinois by Yellow Book over the past several years, such figures being maintained by Yellow Book in the normal and ordinary course of its business. Over the past three years, the average annual amount that each Yellow Book customer paid for display advertisements in directories distributed in Illinois by Yellow Book was $3,450 per year.

DWT 13138762v1 3870036-000020

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 24, 2009 at Uniondale, New York.

John J. Butler

DWT 13138762v1 3870036-000020